# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| KENNETH E. BARRETT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. CIV-05-329-FHS |
| | ) | |
| JOHNNY PHILPOT, Sheriff of Sequoyah County, Oklahoma, et. al., | ) ) ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Before the court for its consideration is the defendants Johnny Philpot, Travis Gabbert and Shane McHale's Motion for Summary Judgment. The court rules as follows on the motion.

## FINDINGS OF FACT

Plaintiff, a former inmate of the Sequoyah County Jail who is currently housed in the United States Penitentiary/Special Confinement in Terre Haute, Indiana, appearing *pro se*, has filed with this court a civil rights complaint pursuant to 42 U.S.C. Sec. 1983.

Plaintiff was arrested on September 24, 1999, after a gun battle with law enforcement during which plaintiff was shot several times. During this same gun battle plaintiff shot and killed Oklahoma Highway Patrol Officer, Rocky Eales. He was ultimately convicted of this crime. After being treated for his gunshot wounds, plaintiff was transported and booked into the Sallisaw City Jail where he remained until after his arraignment

1

on September 29, 1999. Plaintiff was then transported and booked into the Sequoyah County Jail where, aside from a few short transfers to other facilities, he remained in Sheriff Philpot's custody until October 2003.

Plaintiff filed his first civil rights complaint on August 9, 2005, naming Sheriff Philpot and Travis Gabbert as the only defendants therein. Assuming for purposes of the prison mailbox rule, that it was mailed on the same day it was executed, plaintiff's original complaint indicates it was mailed on August 1, 2005. There is no evidence in the record that plaintiff's original complaint was ever served.

In his original complaint, plaintiff alleges that Sheriff Philpot denied him medical attention by failing to obey doctors' orders. He further claimed Sheriff Philpot and Gabbert violated his constitutional rights by refusing to let him out of his cell for exercise for over four years and that Sheriff Philpot beat him on the day he was shot and arrested.

Plaintiff filed his First Amended Complaint on October 20, 2005. Assuming for purposes of the prison mailbox rule, that it was mailed on the same day it was executed, plaintiff's First Amended Complaint indicates it was mailed on October 13, 2005. Plaintiff's claims in his First Amended Complaint are virtually identical to those in his original Complaint; however, plaintiff names only Sheriff Philpot as a defendant therein. Thereafter, on September 11, 2006, plaintiff filed his Second Amended Complaint naming Sheriff Philpot, Travis Gabbert and Shane McHale as defendants and alleging numerous civil rights violations therein. For purposes of the prison mailbox rule, plaintiff's Second Amended Complaint indicates it was mailed on September 5,

2006.

The First Cause of Action stated in plaintiff's Second Amended Complaint does not involve Gabbert or McHale. The Second Cause of Action stated in plaintiff's Second Amended Complaint does not involve any of the defendants herein. The Third Cause of Action stated in plaintiff's Second Amended Complaint does not involve Gabbert or McHale. Plaintiff claims the incident involving the straight jacket set forth in his Third Cause of Action occurred in December 2000. In the Fourth Cause of Action plaintiff alleges that on September 24, 1999, after plaintiff had been shot, Sheriff Philpot and others delayed plaintiff's trip to the hospital by ordering EMS personnel to leave plaintiff unattended in the ambulance. Plaintiff claims regarding his treatment while he was in the Sallisaw City Jail prior to his arraignment, as set forth in Plaintiff's Fourth Cause of action, allegedly occurred in September 1999. Though plaintiff has no evidence that Sheriff Philpot runs the Sallisaw City Jail, plaintiff contends that Sheriff Philpot was also responsible for plaintiff's treatment in the Sallisaw City Jail prior to his arraignment because he was under Sheriff Philpot's custody at all times after his arrest. When plaintiff was booked into the Sequoyah County Jail in September 1999, plaintiff had two bullets that remained in his hip and knee. The bullet in plaintiff's knee was removed in November 1999. As of March 5, 2008, though plaintiff has been incarcerated in at least three other penal facilities in the interim, the bullet in plaintiff's hip had still not been removed. With regard to his Fifth Cause of Action, plaintiff alleges that Gabbert denied him bedding and a wheelchair in September or early October 1999. The Sixth Cause of Action stated in plaintiff's Second Amended Complaint does not involve Sheriff Philpot or McHale. Plaintiff has acknowledged

that his claims do not extend past October 2003.  The Sequoyah
County Criminal Justice Authority took control of the Sequoyah
County jail, pursuant to a Trust Indenture, in October 2003, and
Sheriff Philpot no longer had any responsibility related to
oversight of the jail after that date.  At all times pertinent to
plaintiff's claims, the Sequoyah County Jail did not have an
enclosed exercise yard.  Furthermore, due to the nature of
plaintiff's charges and the fact that he had eluded authorities
on other prior occasions, plaintiff was considered an escape risk
and a risk of potential danger to the general public.
Accordingly, whenever plaintiff requested outdoor exercise he was
granted same subject to personal guard and the application of leg
shackles.  However, plaintiff would not agree to outside exercise
under these restrictions and would continually refuse same.

## I. Statute of Limitations

Defendants argue that most of the plaintiff's claims are
barred by the applicable statute of limitations.  Oklahoma law is
applicable to the statute of limitations issue in this case
because Congress has not enacted a statute of limitations
expressly applicable to 42 U.S.C. Sec. 1983 claims.  Board of
Regents v. Tomanio, 446 U.S. 478, 484 (1980).  As a result, the
courts adopt the most analogous limitations periods provided by
law.  Id. at 484-487.  The United States Court of Appeals for the
Tenth Circuit held that all section 42 U.S.C. Sec. 1983 claims
are characterized as actions for personal injury.  Accordingly,
Oklahoma's statute of limitations applicable to personal injury
actions is applicable to the instant lawsuit.  In Oklahoma,
pursuant to 12 O.S.A. Sec. 95 the statute of limitations for a
civil rights action brought under 42 U.S.C. Sec. 1983 is two
years.

In his First Cause of Action of plaintiff's Second Amended Complaint, plaintiff alleges that on the date he was shot and arrested, September 24, 1999, Sheriff Philpot violated his Fourth and Eighth Amendment rights by beating him with a flashlight and by failing to intervene while Sheriff Philpot's subordinates beat him. Plaintiff's First Cause of Action does not involve Gabbert or McHale. Giving plaintiff the benefit of the doubt with regard to the prison mailbox rule, the first cause of action in plaintiff's Second Amended Complaint relates back to the mailing of plaintiff's original Complaint on August 1, 2005, because it arose from the same conduct, transactions, or occurrences alleged in both plaintiff's original and First Amended Complaints. F.R.C.P. 15 (c)(2). However, this claim is barred by Oklahoma's two year statute of limitations at the time it was asserted in plaintiff's original Complaint as the alleged events had occurred almost six years prior thereto. Accordingly, this cause of action is barred by the applicable statute of limitations.

In the Third Cause of Action of plaintiff's Second Amended Complaint, plaintiff alleges that Sheriff Philpot subjected him to excessive force on two separate occasions. He also alleges that Sheriff Philpot subjected him to punitive segregation without due process and to unconstitutional conditions of confinement, all in violation of plaintiff's Eighth and Fourteenth Amendment rights. Plaintiff's Third Cause of Action does not involve Gabbert or McHale. In support of these claims, plaintiff alleges that, in early December 2000, Sheriff Philpot placed him in handcuffs, beat him, and dragged him to the visiting room where he handcuffed him to a fence and left him there for over three hours in a stress position with orders that plaintiff not be released even to use the bathroom. Plaintiff also claims that, on a second occasion, Sheriff Philpot had him

placed in a straight jacket, had him secured to the fence with handcuffs attached to the strait jacket and left him there for five to six hours with orders that he was not to be released even to use the bathroom.  Plaintiff claims this occurred in December 2000.  Plaintiff further alleges that immediately following the incident with the strait jacket, Sheriff Philpot had him transferred to the Sallisaw City Jail and placed him into solitary confinement for ten days without a disciplinary write-up or hearing. Plaintiff claims that during his ten days in solitary confinement in the Sallisaw City Jail he was denied basic hygiene items such as toilet paper, soap, toothpaste, toothbrush, comb, etc., and that he was denied reading and writing materials, legal materials, showers, visits, phone calls, mail, and clean clothes and bedding. These claims were not made in either plaintiff's original or First Amended Complaint.  As a result, they do not relate back to either of those pleadings because they did not arise out of the same conduct, transactions, or occurrences alleged in those pleadings.  Moreover, giving plaintiff the benefit of the doubt with regard to the prison mailbox rule, even if these claims did relate back to plaintiff's original Complaint, they would still be barred by Oklahoma's two year statute of limitations at the time of mailing as the alleged events had occurred over four and half years prior thereto.

In the Fourth Cause of Action of plaintiff's Second Amended Complaint, plaintiff claims that Sheriff Philpot denied him medically ordered treatment in violation of the Eighth Amendment.  Plaintiff's Fourth Cause of Action does not involve Gabbert or McHale.  In support of his claims against Sheriff Philpot, plaintiff alleges that on September 24, 1999, after plaintiff had been shot and arrested, Sheriff Philpot and others delayed plaintiff's trip to the hospital by ordering EMS personnel to

leave plaintiff unattended in the ambulance. This claim, however, is barred by the statute of limitations. Plaintiff did not allege this claim in either his original or his First Amended Complaints; it is asserted against Sheriff Philpot for the first time in plaintiff's Second Amended Complaint. Furthermore, the claim does not relate back to either plaintiff's original or First Amended Complaint as it does not arise out of the same conduct, transaction, or occurrences alleged in those pleadings. F.R.C.P. 15 (c)(2). Moreover, giving plaintiff the benefit of the doubt with regard to the prison mailbox rule, even if this claim did relate back to plaintiff's original complaint, it would still be barred by Oklahoma's two year statute of limitations at the time of mailing thereof as the alleged events had occurred almost six years prior thereto.

In his Fourth Cause of Action, plaintiff also alleges that after he was transported to the Sequoyah County Jail, Sheriff Philpot refused to have his bullet wounds dressed and treated, and that Sheriff Philpot refused to give him his prescription medication. He also alleges that plaintiff could not walk or manage to support his own weight for two months after being shot. The bullet in plaintiff's knee was removed in November 1999. However, this claim against Sheriff Philpot is also barred by the statute of limitations. Plaintiff did not allege this claim in either his original or his First Amended complaint. Furthermore, the claim does not relate back to either plaintiff's original or First Amended complaints as it does not arise out of the same conduct, transactions or occurrences alleged in those pleadings. F.R.C.P. 15 (c)(2). Moreover by plaintiff's own admission these alleged violation occurred from September 1999 to November 1999. Giving plaintiff the benefit of the doubt with regard to the prison mailbox rule, even if this claim did relate back to

7

plaintiff's original complaint, it would still be barred by Oklahoma's two year statute of limitations at the time of mailing as the alleged events had occurred almost six years prior thereto.

In his Fourth Cause of Action plaintiff also complains that he suffered a chronic rash which his doctors advised was likely caused by a reaction to the bullet which remained in his hip. He alleges his doctors ordered the bullet to be removed and that Sheriff Philpot refused to have the bullet removed. This claim against Sheriff Philpot relates back to both plaintiff's original and First Amended complaints as it arises out of the same conduct, transactions, or occurrences alleged in those pleadings. F.R.C.P. 15 (c)(2). Accordingly, giving plaintiff the benefit of the doubt with regard to the prison mailbox rule, the limitations period begins to run on his claim two years prior to the mailing of plaintiff's original Complaint, which is August 1, 2003.

Plaintiff alleges he was seen at the Sequoyah Memorial Hospital and received treatment for his chronic rash from October 1999 to April 2003. He claims that during these visits the treating medical personnel told him the bullet which remained in his hip was the likely cause of his rash. Plaintiff alleges that as of May 23, 2000, the treatment he was receiving for the rash was not working and that it had spread to his stomach and hips and in between his fingers and buttocks. Plaintiff claims that in April 2000, he was seen by a dermatologist, Dr. Brenneman, in Muskogee, Oklahoma, who opined that the bullet remaining in his hip was the cause of his rash. Plaintiff alleges that in July 2000, Dr. Brenneman recommended the surgical removal of the bullet remaining in plaintiff's hip. Plaintiff claims that Sheriff Philpot refused to comply with Dr. Brenneman's medical

8

recommendations.  Plaintiff further claims his trial attorney obtained an order from the trial court compelling Sheriff Philpot into compliance with Dr. Brenneman's orders.  However, the court minute dated June 4, 2001, ordered plaintiff be transported to a state facility for consultation and possible removal of bullet fragments.  The order did not mandate the removal of the bullet as plaintiff claims.  Plaintiff further claims that Sheriff Philpot did not comply with the trial court's June 4, 2001, order.  Plaintiff claims that Dr. Campbell, Director of the Emergency Department of Sequoyah Memorial Hospital sent correspondence to the Sequoyah County District Attorney regarding the order for surgical removal of the bullet from plaintiff's hip.  This correspondence was dated November 5, 2001.  However, plaintiff does not allege and has presented no evidence that Sheriff Philpot ever received this correspondence.  More importantly, all of these alleged acts or omissions occurred prior to August 1, 2003, which is the statute of limitations cutoff. Accordingly, because plaintiff has failed to demonstrate any act or omission of Sheriff Philpot occurring within the limitations period with regard to this claims, the claim is barred by the statute of limitations.

With regard to this claim, plaintiff may attempt to assert that it is a "continuing violation" which should be tolled for the purposes of the statute of limitations.  The continuing violation doctrine "is a creation of federal law that arose in Title VII cases" and "recognizes that certain violations are continuing in nature and provides that a claim asserting such a violation is timely if administrative charges are filed within the period applicable to the last act in the continuing series." Thomas v. Denny's Inc., 111 F. 3d 1506, 1513 (10th Cir. 1997).  The Tenth Circuit has yet to apply the continuing violations

9

doctrine of a 42 U.S.C. Sec. 1983 claim.  Hunt v. Bennett, 17 F.3d 1263, 1266 (10th Cir. 1994).  The Tenth Circuit has explained that the continuing violation doctrine which developed out of Title VII law "is simply not applicable" to 42 U.S.C. Sec. 1981 actions.  Thomas v. Denny's Inc., 111 F.3d 1506, 1514 (10th Cir. 1994).  There is no fundamental distinction between Sec. 1981 and Sec. 1983 actions which would warrant application of the doctrine in one instance and not the other.  Thus, the court finds the continuing violations theory is not applicable to plaintiff's claims here.  Furthermore, the continuing violation doctrine is triggered by continued unlawful acts, not continued ill effects from the original act.  Bergman v. United States, 751 F.2d 314, 317 (10th Cir. 1984)(internal citations omitted).  Here plaintiff has not demonstrated any act or omission by Sheriff Philpot in regard to this claim occurring within the limitations period.  Any ill effects plaintiff allegedly suffered within the limitations period due to Sheriff's Philpot's alleged earlier acts or omissions would not trigger application of the continuing violation doctrine.  Accordingly, the entire Fourth Cause of Action in plaintiff's Second Amended Complaint is barred by the applicable statute of limitations.

In the Fifth Cause of Action of plaintiff's Second Amended Complaint, plaintiff alleges that Sheriff Philpot, Gabbert, and McHale violated his Eighth and Fourteenth Amendment rights by denying him exercise and recreation for a four year period and by subjecting him to other unconstitutional conditions of confinement including denying him bedding, denying him a wheel chair, overcrowding, lack of ventilation lack of heating, cockroach and vermin infestation, and inadequate lighting. With regard to Sheriff Philpot, plaintiff's claims that he was denied exercise and recreation throughout the term of his incarceration

in the Sequoyah County Jail.  These claims relate back to both plaintiff's original and First Amended Complaint as it arises out of the same conduct, transactions or occurrences alleged in those pleadings.  Federal Rule of Civil Procedure 15 (c) (2).  Giving plaintiff the benefit of the doubt with regard to the prison mailbox rule, plaintiff first asserted this claim against Sheriff Philpot in August 1, 2005.  However, as set forth above, the continuing violation doctrine does not apply to plaintiff's 42 U.S.C. Sec. 1983 claims.  Therefore, plaintiff's claim of denial of exercise against Sheriff Philpot began to run on August 1, 2003, two years prior to the mailing of the original complaint.  Accordingly, because plaintiff's claims against Sheriff Philpot terminate in October 2003 this claims against Sheriff Philpot is limited to a span of a little over two months.

With regard to Sheriff Philpot, however, plaintiff's claims of other unconstitutional conditions of confinement do not relate back to either plaintiff's original or first amended complaint as they do not arise out of the same conduct, transaction, or occurrences alleged in those pleadings.  F.R.C.P. 15 (c) (2). Plaintiff did not allege any of these claims in either his original or his First Amended Complaint.  Plaintiff has acknowledged that his claims against Sheriff Philpot do not extend past October 2003.  Furthermore, Plaintiff could not maintain any cause of action against Sheriff Philpot regarding the conditions of this confinement in the Sequoyah County Jail after that date.  Accordingly to survive the applicable statute of limitations, plaintiff would have to have asserted these claims against Sheriff Philpot by October 2005.  However, giving plaintiff the benefit of the doubt with regard to the prison mailbox rule, plaintiff did not assert these claims against Sheriff Philpot until the mailing of his Second Amended Complaint

11

on September 5, 2006.  Accordingly, with regard to Sheriff
Philpot, all of plaintiff's claims set forth in his Fifth Cause
of Action except his claim of denial of exercise for a limited
span of a little over two months, are barred by the applicable
statute of limitations.

With regard to Plaintiff's Fifth Cause of Action plaintiff's
allegations against Gabbert consist of Gabbert allegedly denying
plaintiff bedding and a wheelchair in September or early October
1999.  Plaintiff also alleges the Gabbert and McHale denied him
time out of his cell for exercise or recreation throughout the
term of his incarceration in the Sequoyah County jail.  This is
plaintiff's sole claim against McHale.  However, the claims
against Gabbert and McHale set forth in plaintiff's Fifth Cause
of Action do not relate back to either plaintiff's original or
First Amended Complaint because McHale was a newly added
defendant and Gabbert was the equivalent of a newly added
defendant who had no notice of the lawsuit.  <u>Graves v. General
Insurance Corporation</u>, 412 F. 2d 583, 584-585 (10th Cir. 1969).
Though Gabbert was a named defendant in plaintiff's original
complaint, there is no evidence in the record that this pleading
was ever served on him or anyone else.  Furthermore, neither
Gabbert nor McHale were named defendants in plaintiff's First
Amended Complaint.  Plaintiff has acknowledged that his claims
against Gabbert and McHale do not extend past October 2003.
Accordingly, to survive the applicable statute of limitations,
plaintiff would have to have asserted his claims against Gabbert
and McHale for denial of exercise and recreation by October 2005.
However, giving plaintiff the benefit of the doubt with regard to
the prison mailbox rule, plaintiff did not assert these claims
against these defendants until the mailing of his Second Amended
Complaint on September 5, 2006.  Furthermore, plaintiff's claims

against Gabbert regarding denial of bedding and a wheelchair were clearly barred at the time of mailing of plaintiff's Second Amended Complaint as the alleged events had occurred nearly seven years prior thereto. Furthermore, these claims against Gabbert do not relate back to either plaintiff's original or First Amended Complaints because they do not arise out of the same conduct, transactions or occurrences alleged in either of those pleadings. F.R.C.P. 15 (c)(2). Accordingly, with regard to Gabbert and McHale all of plaintiff's claims set forth in his Fifth Cause of Action are barred by the applicable statute of limitations.

In the Sixth Cause of Action of plaintiff's Second Amended Complaint, plaintiff alleged that, in December 2000, Gabbert subjected him to an unlawful seizure of his personal property in retaliation for plaintiff's seeking redress through the Sequoyah County Jail's grievance procedure presumably in violation of plaintiff's Fourth and/or Fourteenth Amendment rights. Plaintiff's Sixth Cause of Action does not involve Sheriff Philpot or McHale. This claim does not relate back to either plaintiff's original or First Amended Complaint because with regard to plaintiff's Second Amended Complaint, Gabbert, was the equivalent of a newly added defendant who had no notice of the lawsuit. Though Gabbert was a named defendant in plaintiff's original compliant, there is not evidence in the record that this pleading was ever served on him or anyone else. Gabbert was not a named defendant in plaintiff's First Amended Complaint. Furthermore, this claim does not relate back to either plaintiff's original or First Amended Complaint because it clearly does not arise out of the same conduct, transactions, or occurrences allege din either of these pleadings. F.R.C.P. 15 (c)(2). Morever, giving plaintiff the benefit of the doubt with

13

regard to the prison mailbox rule, even if this claim did relate back to plaintiff's original complaint, it was still barred by Oklahoma's two year statute of limitations at the time of mailing thereof as the alleged events had occurred over four and a half years prior thereto.

In the Seventh Cause of action of Plaintiff's Second Amended Complaint, plaintiff alleges that Sheriff Philpot violated his First, Fifth and Sixth Amendment rights by denying his access to legal material, access to a law library and/or someone trained in the law to seek redress for the violation alleged in plaintiff's Second Amended Complaint. Plaintiff further alleges that Sheriff Philpot denied him such access throughout his four and a half year confinement at the Sequoyah County Jail. This claim, however, is barred by Oklahoma's two year statute of limitations. Plaintiff has acknowledged that his claims against Sheriff Philpot do not extend past October 2003. Furthermore, plaintiff could not maintain any cause of action against Sheriff Philpot regarding the conditions of his confinement in the Sequoyah County Jail after October 2003 and Sheriff Philpot no longer had any responsibility related to oversight of the Jail after that date. Accordingly, to survive the applicable statute of limitations, plaintiff would have to have asserted this claim by October 2005. However, giving plaintiff the benefit of doubt with regard to the prison mailbox rule, plaintiff asserted this claim for the first time with the mailing of his Second Amended Complaint on September 5, 2006. The claim was not included in either plaintiff's original or first amended complaint. Further, the claim does not relate back to either plaintiff's original or first amended complaint because it clearly does not arise out of the same conduct, transaction, or occurrences alleged in either of those pleadings. F.R.C.P. 15 ( c) (2). Accordingly,

14

plaintiff's Seventh Cause of Action is barred by the applicable statute of limitations.

To avoid application of the statute of limitations' barr on his claims herein, plaintiff asserts that the doctrine of equitable tolling should apply to his claims because allegedly, from September 1999 to February 2006, he was denied access to any legal materials or anyone trained in the law to help him prepare and file the instant litigation. However, in this regard, the court has already determined that equitable tolling does not apply to plaintiff's claims in this case.

In general, Oklahoma permits tolling of a statute of limitations in two circumstances. First, the existence of a "legal disability" provides proper grounds for equitable tolling. Oklahoma courts have applied this provision only for plaintiffs whose competency is impaired or who have not reached the age of majority. Lovelace v. Keohane, 831 P.2d 624, 629 (Okla. 1992). Plaintiff neither asserts nor establishes facts that fall under this provision. Second, the Oklahoma discovery rule tolls the statute of limitations "until an injured party knows of, or in the exercise of reasonable diligence, should have known of or discovered the injury and resulting cause of action." Alexander v. Oklahoma, 382 F.3d 1206, 1217 (10th Cir. 2004). (internal citations omitted) In the case at bar, plaintiff knew at the time of the alleged abuse that his civil rights were violated. However, he claims he did not necessarily know the names of the individuals involved. He claims that he was not allowed to do legal research or discovery to determine his claims. This argument is problematic because he fails to inform the court if he tried to do anything to discover the players in his alleged civil rights violations. A plaintiff must use reasonable

diligence in seeking to discover facts giving rise to his claim. <u>Alexander</u> at 1216. Defendant did not do anything to intentionally cause the plaintiff to be misled regarding the statute of limitations. Thus, plaintiff has failed to establish grounds for this exclusion.

Finally, the court may toll a statute of limitations in the most exceptional circumstances. Plaintiff alleges his lack of legal knowledge and his inability to access legal materials are such circumstances. This court disagrees. First, plaintiff has not established that he was denied access to the law library. In fact, he claims that he was given access to a law library but he had to know the cite of the cases he needed. Plaintiff's lack of legal knowledge standing by itself is also not grounds for equitable tolling. See <u>Raspberry v. Garcia</u>, 448 F.3d 1150, 1154 (9th Cir. 2006) ("a pro se prisoner's lack of legal sophistication is not, by itself, an extraordinary circumstance warranting equitable tolling.") Further, plaintiff has failed to establish that it was his lack of legal knowledge which caused an untimely petition to be filed. The court simply does not find these are the type of extraordinary circumstances needed to toll a statute of limitations.

Next, the plaintiff argues that his Second Amended Complaint should relate back to his First Amended Complaint and thus be saved from dismissal. Federal Rule of Civil Procedure 15 (c)(2) provides:

> Relation Back of Amendments... the amendment changes the party or the naming of the party against whom a claim is asserted if the foregoing provision (2) is satisfied and, within the period provided by Rule 4 (m) for service of the summons and complaint, the party to be brought in by amendment (A) has received such notice of the institution of the action that the party will not be prejudiced in maintaining a defense on the

merits, and (B) knew or should have known that, but for
                a mistake concerning the identity of the proper party,
                the action would have been brought against the party.

As has been discussed previously in this order, the relation back principle sometimes is applicable to plaintiff's Second Amended Complaint and other times is not applicable. But it is clear from the court's previous discussion that the entire Second Amended Complaint does not relate back to either the original complaint or the First Amended Complaint. As a result, this claim fails as well.

## II. Denial of Exercise Claim

Plaintiff's only claim against Sheriff Philpot which is not barred by the applicable statute of limitations is for denial of exercise. Plaintiff's claim for denial of exercise against Sheriff Philpot is properly analyzed under the Fourth Amendment's due process clause as plaintiff was a pre-trial detainee. Under the Fourteenth Amendment's due process clause, pre-trial detainees are entitled to the same protection afforded under the Eight Amendment. In this regard, some courts have held that a denial of fresh air and exercise constitutes cruel and unusual punishment under certain circumstances. However, none have held that such a denial constitutes a constitutional violation *per se.* Bailey v. Shillinger, 828 F. 2d 651, 653 (10th Cir. 1987). The Fourteenth Amendment does not mandate comfortable prisons and conditions imposed upon pre-trial detainees may be restrictive and even harsh. Rhodes v. Chapman, 452 U.S. 337, 347 (1981). Such restrictive conditions do not violate constitutional rights where they are are in furtherance of legitimate penological purposes. Here it is undisputed that at all times pertinent to plaintiff's claims, the Sequoyah County Jail did not have an enclosed exercise yard. Furthermore, due to the nature of

plaintiff's charges and the fact that he had eluded authorities on prior occasions, plaintiff was considered an escape risk and a risk of potential danger to the general public. Accordingly, in furtherance of a legitimate penological purpose, whenever plaintiff requested outdoor exercise he was granted the same subject to a personal guard and the application of leg shackles. However, plaintiff would not agree to outside exercise under these restrictions and would continually refuse the same.

In addition, plaintiff's claim of denial of exercise against Sheriff Philpot is limited to a span of a little over two months. Accordingly, any impact upon plaintiff does not infringe any constitutional right. <u>Smith v. Harvey County Jail</u>, 889 F. Supp. 426, 431 (D. Kan. 1995)(six month stay without outdoor exercise not unconstitutional.)

Accordingly defendants Johnny Philpot, Travis Gabbert, and Shane McHale's motion for summary judgment is hereby **GRANTED** because this action against them is barred by the statute of limitations. Further, this court also grants summary judgment as to defendant Philpot as to plaintiff's claim regarding denial of exercise.

**IT IS SO ORDERED** this 29th day of January, 2009.

Frank H. Seay
United States District Judge

plaintiff's charges and the fact that he had eluded authorities on prior occasions, plaintiff was considered an escape risk and a risk of potential danger to the general public. Accordingly, in furtherance of a legitimate penological purpose, whenever plaintiff requested outdoor exercise he was granted the same subject to a personal guard and the application of leg shackles. However, plaintiff would not agree to outside exercise under these restrictions and would continually refuse the same.

In addition, plaintiff's claim of denial of exercise against Sheriff Philpot is limited to a span of a little over two months. Accordingly, any impact upon plaintiff does not infringe any constitutional right. <u>Smith v. Harvey County Jail</u>, 889 F. Supp. 426, 431 (D. Kan. 1995)(six month stay without outdoor exercise not unconstitutional.)

Accordingly defendants Johnny Philpot, Travis Gabbert, and Shane McHale's motion for summary judgment is hereby **GRANTED** because this action against them is barred by the statute of limitations. Further, this court also grants summary judgment as to defendant Philpot as to plaintiff's claim regarding denial of exercise.

**IT IS SO ORDERED** this 29th day of January, 2009.

Frank H. Seay
United States District Judge