# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

KENNETH E. BARRETT,           )
                              )
            Plaintiff,        )
                              )
      v.                      )     No. CIV-05-329-FHS-SPS
                              )
JOHNNY PHILPOT, Sheriff of    )
Sequoyah County, Oklahoma, et.)
al.,                          )
                              )
            Defendant.        )

## ORDER

Now before the court on its own motion is the issue of service of defendants Gary Philpot and Michael Hendricks. This court initially dismissed these defendants on November 18, 2008, for plaintiff's failure to serve. Plaintiff appealed this decision to the Tenth Circuit Court of Appeals. In an Order and Judgment filed on November 2, 2009, the Tenth Circuit Court of Appeals remanded to this court the issue of service of these two defendants.

On December 23, 2009, the mandate from the Tenth Circuit Court of Appeals was filed in this court. On this same date this court entered the following minute order:

> The Plaintiff is given until 3/8/10 in which to serve defendants Michael Hendricks and Gary Philpot. Plaintiff is charged with providing the United States Marshals Service with sufficient information to serve said defendants. It is not the responsibility of the United States Marshals Service to investigate or hunt down defendants in

1

order to serve them. (Doc. # 180).

Plaintiff failed to provide the Marshals Service or this court with any information regarding the location of defendants or any information regarding service of defendants Hendricks and Philpot. As a result of this failure on March 9, 2010, this court entered the following minute order:

> directing Plaintiff to show cause as to why defendants Gary Philpot and Michael Hendricks should not be dismissed for plaintiff's failure to timely serve them. Failure to respond to this show cause order, will result in the dismissal of these defendants( Response to Order to Show Cause due by 3/29/2010.)(Doc. # 182)

Plaintiff once again failed to respond to this show cause order. On March 31, 2010, this court entered an order requiring the Marshals Service to file a statement with this court setting forth their efforts to serve defendants Philpot and Hendricks initially on behalf of plaintiff. On April 14, 2010, the Marshals Service filed a Notice to the Court stating the Marshals Service attempted to serve the defendants at the address provided on the service form. These defendants were no longer employed at that address. Nothing further was done to serve these defendants. In an effort to give the plaintiff one more chance to serve these defendants, the court entered the following minute order:

> On April 14, 2010, the United States Marshals Service filed a Notice to the Court stating it attempted to serve defendants Gary Philpot and Michael Hendricks with the information provided by plaintiff. The defendants were no longer at that location. As a result, the United States Marshals Service was unable serve these two defendants because the information they

> had been provided was no longer accurate. As a result, the court is granting the plaintiff an additional 30 days (or until 5/21/2010) in which to obtain information on the current location of defendants and provide it to the United States Marshals Service, Eastern District of Oklahoma, so that the United States Marshals Service can attempt to serve these defendants. Failure to obtain service on these defendants will result in their dismissal. Plaintiff is reminded he is required to provide the information in order to properly serve the defendants. The United States Marshals Service is not required to find the defendants for service. Upon receipt of the necessary information from the plaintiff, the marshals service shall have until 6/14/2010 in which to obtain service on the defendants . (Doc. # 186)

On May 24, 2010, the court contacted the Marshals Service and the Clerk of the Court to ensure that no additional information regarding these two defendants had been provided by the plaintiff in an effort to get these defendants served. A note was made on the docket sheet that both offices replied no additional information has been provided by the plaintiff.

Pursuant to Federal Rule of Civil Procedure 4 (m) the plaintiff has 120 days after the complaint is filed to serve the defendants. If the plaintiff fails to serve the defendants within the allotted time-frame the court "must dismiss the action without prejudice against that defendant..." Plaintiff's Complaint was filed on August 8, 2005. He has been given numerous opportunities to serve these two defendants but has failed to provide the Marshals Service with adequate information with which to serve them. Plaintiff is required to provide the Marshals Service with adequate information to serve defendants. Plaintiff failed to do that in this case. Accordingly, the court dismisses defendants Hendrick and Philpot for plaintiff's failure to timely serve them.

3

**IT IS SO ORDERED** this 27th day of May, 2010.

Frank H. Seay
United States District Judge

4